# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK MINAUDO, as Proposed Executor of the Estate of MARIE MINAUDO, Deceased<br>Plaintiff, | Civil Action No.    22-2581 |
| v. | NOTICE OF REMOVAL |
| SUNRISE AT SHEEPSHEAD BAY and GWC-SHEEPSHEAD BAY, INC.<br>Defendants. | |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

Pursuant to 28 U.S.C. § 1441, defendant GWC-Sheepshead Bay, Inc., hereby removes this action from the Supreme Court of New York, Kings County, to the United States District Court for the Eastern District of New York. The grounds for removal are as follows:

1.  Plaintiff Frank Minaudo as proposed executor of the Estate of Marie Minaudo, deceased, commenced an action in the Supreme Court in the State of New York, Kings County. That lawsuit is identified in that court as *Frank Minaudo, as Proposed Executor of the Estate of Marie Minaudo, Deceased v. Sunrise at Sheepshead Bay and GWC- Sheepshead Bay Inc.,* Index No.: 509397/2022 (the "State Court Action").

2.  The State Court Action may be removed, and is removed, to this Court under 28 U.S.C. § 1441.

3.  This Court has original jurisdiction on the basis of diversity under 28 U.S.C. § 1332. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is based upon the State Court Action involving a matter in controversy exceeding the "sum or value of $75,000, exclusive of interest and costs," and being between "citizens of different States."

4. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that were served upon GWC-Sheepshead Bay, Inc., in the State Court Action are attached as **Exhibit 1**.

5. **Diversity of Parties.** With regard to citizenship of the parties, the following is material:

   a.) Plaintiff's Complaint alleges the following: Plaintiff Frank Minaudo is the proposed executor of the estate of Marie Minaudo. The basis of the venue in the State Court Action is Plaintiff's Residence: 895 Portland Avenue, Brooklyn, New York. The decedent of plaintiff, Marie Minaudo was a resident of County of Kings, New York at the time of her death and was a citizen of the State of New York. Marie Minaudo was not a citizen of the state of Virginia, at the time of her death.

   b.) Plaintiff incorrectly alleges that GWC-Sheepshead Bay Inc., is a domestic corporation duly existing under the law of the State of New York, with its principal place of business in Brooklyn, New York. GWC-Sheepshead Bay, Inc. is a Virginia corporation with its principal place of business in Virginia. Therefore, GWC-Sheepshead Bay, Inc., is a citizen of Virginia. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010) (for purposes of removal, the "principal place of business" is determined by the "nerve center" test whereby an entity is deemed to be a citizen of the State where its officers direct, control and coordinate activities).

   c.) Sunrise at Sheepshead Bay is not a legal entity and it has no address designated for service of process. Instead, "Sunrise at Sheepshead Bay" is the name of an

-2-

assisted living residence. Plaintiff has failed to serve any person or entity with process other than GWC-Sheepshead Bay, Inc.

d.)     As the above demonstrates, the State Court Action is between citizens of different states and there is complete diversity for purposes of 28 U.S.C. §§ 1332 and 1441.

6. **Amount in Controversy.** The preponderance of the evidence pertaining to the kind and extent of the alleged injuries and damages demonstrates that the amount in controversy from Plaintiff's point of view exceeds $75,000, exclusive of interests and costs. The jurisdictional amount in a case, along with other diversity requirements, is determined as of the date that suit is filed. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Services, Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). In accordance with 28 U.S.C. § 1446, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The amount in controversy is determined using the allegations in the complaint if they include such an amount, and if they do not, courts may look to the petition for removal. *See Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957). While GWC-Sheepshead Bay, Inc., denies any and all liability and damages, Plaintiff's Complaint seeks compensation for serious personal injuries and ultimately the loss of a life. Defendants reserve the right to argue and prove that no damages were sustained or that, if any damages were sustained, they are less. Nevertheless, the monetary threshold for diversity jurisdiction has been established in this case.

7. **Service of Process.** Service of process (including the Complaint) occurred as follows: GWC-Sheepshead Bay, Inc., was served on April 5, 2022.

8. **Consent.** To the extent that Sunrise at Sheepshead Bay is not a valid legal entity and it has not been served with process in the present litigation, no consent is necessary.

9. **Timeliness.** GWC-Sheepshead Bay, Inc., files this notice within 30 days of its receipt, on April 5, 2022, of the Plaintiff's Complaint. In accordance with 28 U.S.C. § 1446, a notice of removal can be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446. Therefore, the removal is timely.

10. This action may be removed to this Court pursuant to 28 U.S.C. § 1441.

11. A copy of this notice of removal will be filed with the clerk of the Supreme Court of New York, Kings County as required by 28 U.S.C. § 1441(d).

**WHEREFORE**, GWC-Sheepshead Bay, Inc., requests that the State Court Action be removed to this Court, and that this Court issue such orders and process as are necessary to preserve its jurisdiction over this matter.

WHITE AND WILLIAMS LLP

BY: _____

Rafael Vergara
The Legal Center
One Riverfront Plaza
1307 Raymond Boulevard, Suite 230
Newark, NJ  07102-5425
Phone: 201.368.4416
*Attorneys for defendant GWC-Sheepshead Bay, Inc.*

-4-

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRANK MINAUDO, as Proposed Executor of the Estate of MARIE MINAUDO, Deceased<br><br>        Plaintiff,<br><br>    v.<br><br>SUNRISE AT SHEEPSHEAD BAY and GWC-SHEEPSHEAD BAY, INC.<br><br>        Defendants. | Civil Action No.   22-2581 |

## NOTICE TO PLAINTIFF

To:     Jeffrey A. Guzman, Esquire
        Krentsel Guzman Herbert, LLP
        17 Battery Place, Suite #604
        New York, New York 10004
        *Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that defendant GWC-Sheepshead Bay, Inc has filed a Notice of

Removal in the United States District Court for the Eastern District of New York.  The Notice of

Removal was filed to remove an action pending in the Superior Court of New York, Kings

County, entitled "*Frank Minaudo, as Proposed Executor of the Estate of Marie Minaudo,*

*Deceased v. Sunrise at Sheepshead Bay and GWC- Sheepshead Bay Inc.,* Index No.:

509397/2022."

28838269v.4

A copy of the Notice of Removal is attached to this notice.

WHITE AND WILLIAMS LLP

BY: _____

Rafael Vergara
The Legal Center
One Riverfront Plaza
1307 Raymond Boulevard, Suite 230
Newark, NJ  07102-5425
Phone: 201.368.4416
*Attorneys for defendants*

Dated:  May 5, 2022

28838269v.4

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRANK MINAUDO, as Proposed Executor of the Estate of MARIE MINAUDO, Deceased<br><br>        Plaintiff,<br><br>    v.<br><br>SUNRISE AT SHEEPSHEAD BAY and GWC-SHEEPSHEAD BAY, INC.<br><br>        Defendants. | Civil Action No.   22-2581 |

**CERTIFICATE OF SERVICE**

1.     I, Rafael Vergara, am a Partner at White and Williams LLP, attorneys for defendants in the above-captioned matter.

2.     I make this declaration based upon my personal knowledge of the facts set forth herein.

3.     On **May 5, 2022**, I caused (1) Notice Of Removal, and (2) Notice To Plaintiff, to be sent by **mail** to the following person at the below address:

> Jeffrey A. Guzman, Esquire
> Krentsel Guzman Herbert, LLP
> 17 Battery Place, Suite #604
> New York, New York 10004
> *Attorneys for Plaintiff*

4.     I declare under penalty of perjury that the forgoing is true and correct.

WHITE AND WILLIAMS LLP

BY: _____

Rafael Vergara
The Legal Center
One Riverfront Plaza

28838269v.4

1307 Raymond Boulevard, Suite 230
Newark, NJ  07102-5425
Phone: 201.368.4416
*Attorneys for defendants*

Dated:  May 5, 2022

28838269v.4

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRANK MINAUDO, as Proposed Executor of the Estate of MARIE MINAUDO, Deceased<br>Plaintiff,<br><br>v.<br><br>SUNRISE AT SHEEPSHEAD BAY and GWC-SHEEPSHEAD BAY, INC.<br>Defendants. | Civil Action No.  22-2581 |

## Fed. R. Civ. P. 7.1. Disclosure

Pursuant to Fed. R. Civ. P. 7.1, the undersigned hereby states, on behalf of defendant GWC-Sheepshead Bay Inc., that it has no parent company and that it has no member that is publicly traded.

WHITE AND WILLIAMS LLP

BY: _____

Rafael Vergara
The Legal Center
One Riverfront Plaza
1307 Raymond Boulevard, Suite 230
Newark, NJ  07102-5425
Phone: 201.368.4416
*Attorneys for defendants*

Date: May 5, 2022

28838269v.4